<u>**NOT FOR PUBLICATION**</u>
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Civ. No. 06-3718(DRD) |
| Plaintiff, Respondent, | : | |
| | : | **O P I N I O N** |
| v. | : | |
| | : | |
| ROBERT REINO | : | |
| | : | |
| Defendant, Petitioner, | : | |
| _____ | : | |

Christopher J. Christie, Esq.
United States Attorney
By:     David E. Malagold
        Assistant U.S. Attorney
                Attorney for the United States

Mr. Robert Reino
05290-050
FCI Raybrook
P.O. Box 9004
Raybrook, NY 12977
        Defendant - Petitioner, Pro Se

**Debevoise, Senior United States District Judge**

Petitioner, Robert Reino, petitions to correct a sentence purportedly pursuant to Fed. R. Crim. P. 35(a)(1982 ed.).

## I. Background

On January 4, 1983, Petitioner pled guilty to two counts of an indictment: Count 2, charging Petitioner with engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848 and Count 7, charging him with distribution of a controlled substance in violation of 21 U.S.C. §841(a)(1). On January 25, 1983, the Honorable H. Curtis Meaner sentenced Petitioner to

a term of 15 years incarceration, without possibility of parole, on Count 2, and one year incarceration on Count 7, to run consecutively to the sentence on Count 2. The court also imposed a $10,000 fine and a 30 year special parole term on Count 7.

In July 1988 Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. He alleged that Judge Meanor failed to inform him of the mandatory minimum sentence he would face in the event of a guilty plea, that both the judge and counsel gave him inaccurate information concerning the mandatory minimum sentence and that his counsel rendered ineffective assistance. On June 27, 1989 the court dismissed the motion. This order was affirmed on March 6, 1990, and the Supreme Court denied Petitioner's petition for a writ of certiorari on June 25, 1990.

Petitioner was mandatorily released for "good time" pursuant to 18 U.S.C. §§4163 and 4164 (1982 ed.) on January 1, 1992, and was to remain under mandatory release supervision ("as if on parole") until his full term date less 180 days, or March 30, 1998. His 30-year special parole term would then commence, following completion of mandatory release supervision on March 30, 1998.

Petitioner did not complete his mandatory release supervision. He once again engaged in narcotics distribution activities, and on January 6, 1995, after conviction, he was sentenced in the United States District Court for the Southern District of Florida to 151 months imprisonment (to be followed by five years of supervised release) for a narcotics conspiracy.

Petitioner completed service of the confinement portion of his 151-month sentence on April 11, 2005. At that time the U.S. Parole Commission issued a detainer warrant and conducted a revocation hearing for Petitioner on June 21, 2005. The Commission revoked his

mandatory release in the instant case and ordered that he serve to a (presumptive) reparole date June 25, 2007. If Petitioner is paroled from his current confinement, he will be subject to supervision until the recomputed full term date of his sentence, less 180 days. 18 U.S.C. §4164. His 30-year special parole term, which figures significantly in Petitioner's present petition, will commence when he completes service of all remaining confinement and mandatory release supervision on his 16-year term. 21 U.S.C. 841(c)(1982 ed.).

Purportedly proceeding pursuant to the 1982 edition of Fed. R. Crim. P. 35(a), Petitioner seeks "to correct/and or modify the imposed term of imprisonment on January 25, 1983, of 15 years of imprisonment as to Count II, engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848; and a consecutive 1 year term for distributing diazepam as to Count 7; with a 30 year term of Special Parole as to Count 7."

Petitioner advances a number of reasons to support his contention that the sentence was unlawful. First, relying on <u>Rutledge v. United States</u>, 517 U.S. 292 (1996), he urges that his sentence on both the CCE and the distribution counts violated the Double Jeopardy Clause of the Fifth Amendment because distribution is a lesser included offense of CCE. Second, contending that both §848 (CCE) and §841(a)(1) (distribution) are non-parolable offenses, Petitioner argues that the 30-year special parole term was illegal and must be vacated prior to the date when it would go into effect. Third, Petitioner claims "the government did not prove, beyond a reasonable doubt, the three felony violations which comprise the CCE."

## II. <u>Discussion</u>

A. <u>Double Jeopardy Claim</u>: The initial question with respect to the double jeopardy claim is whether the court has jurisdiction to consider it. Prior to November 1, 1987, Rule 35(a) of the

Federal Rules of Criminal Procedure provided that "[t]he Court may correct an illegal sentence at any time . . ." Here, however, Petitioner's first ground for relief is not an attempt to correct an illegal sentence; it is an attempt to challenge Petitioner's conviction itself. As such this challenge can only be brought pursuant to 28 U.S.C. §2255, not former Rule 35(a).

Treating the first ground as a §2255 petition it is either untimely or not cognizable in this court because, as a second §2255 application, it has not been certified by a panel of the Court of Appeals pursuant to 28 U.S.C. §2244. The Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. Congress imposed a 1-year statute of limitations period to run from the date on which the judgment of conviction became final (or from the dates of certain other events not pertinent in this case). For the purposes of convictions such as Petitioner's which became final prior to April 24, 1996, courts have granted a one-year grace period from the effective date of the AEDPA, making petitions filed on or before April 23, 1997 timely. Burns v. Morton, 134 F. 3d 109, 113 (3d Cir. 1998). Petitioner filed his petition in May 2006, more than nine years after expiration of the one-year grace period.

Further, this is Petitioner's second §2255 petition. It can be persuasively argued that it is subject to the mandate of 28 U.S.C. §2244 and that as such, before it can be heard here, it must be certified by the Court of Appeals.

It is permissible for this court to transfer a second or successive petition to the Court of Appeals for consideration as a motion for certification. Such a transfer is not appropriate in this case because Petitioner's double jeopardy contention is so clearly without merit.

Petitioner relies on Rutledge, 517 U.S. 292, in which the Supreme Court held that conspiracy was a lesser included offense of CCE and that the Double Jeopardy Clause barred

convictions and sentences on both counts.  In the earlier case of Garrett v. United States, 471 U.S. 773 (1985), defendant, having pled guilty to the substantive offense of importation of marijuana, was subsequently indicted in another district on CCE, marijuana importation conspiracy and other counts.  At his trial the government introduced evidence of his prior importation of marijuana conviction.  On appeal the defendant claimed that the Double Jeopardy Clause prohibited a second prosecution for the earlier conviction and multiple punishments for the same offense.  The Court ruled that the prosecution was not barred by the test set forth in Blockburger v. United States, 284 U.S. 299 (1932), holding "that Congress intended CCE to be a separate offense and that it intended to permit prosecution for both the predicate offenses and the CCE offense."  471 U.S. at 786-787.

In Rutledge the Court distinguished Garrett, noting the difference "between conspiracy - like crimes and the substantive offenses upon which they are predicated." 517 U.S. at 300 n. 12. Petitioner's circumstances are governed by Garrett.  There has been no violation of the Double Jeopardy Clause.

B.  Special Parole Term: Petitioner urges that the 30-year special parole term is unlawful "in that the former [18 U.S.C.] §4205, dictates that a term of Special Parole may only be attached to a sentence of 'over one year'; and in any event, under the reasoning of the Supreme Court in Johnson v. Williford, 682 F. 2d 868 (1982), a violation of 21 U.S.C. §848 is a non-parolable offense."  The government concedes that this ground is properly before the court under former Rule 35(a) since it is a challenge to the sentence.

The one-year term of imprisonment was authorized pursuant to §841(b)(1)(A)(2) which provided for a maximum prison term of three years.  That section also provides "[a]ny sentence

5

imposing a term of imprisonment under this paragraph shall . . . impose a special parole term of at least one year in addition to such term of imprisonment. . ." (emphasis added). There is no maximum term of special parole, and courts interpreting the statute have "assumed that Congress provided a mandatory minimum term of special parole with a possible special parole term of life." United States v. Cortes-Claudio, 312 F. 3d 17, 22 n.4 (1st Cir. 2002).

Special parole is a separate sentence apart from any other type of parole. A "special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided by law." 21 U.S.C. §841(c)(1982 ed.). Thus 18 U.S.C. §4205(a)(1982 ed.) upon which Petitioner relies, barred regular parole on the distribution count because the sentence on that count did not exceed one year. However, it did not preclude imposition of a special parole term which was mandatory under §841(b)(1)(A)(2). Petitioner's special parole term contentions lack merit.

C. CCE Conviction: Petitioner's claim that the government did not prove beyond a reasonable doubt the three felony convictions that comprised the CCE offense is a strange one[1], because Petitioner pled guilty. Thus the government was not required to prove the elements of the offense beyond a reasonable doubt. During the entry of his guilty plea, Petitioner admitted to

---

[1] This claim was set forth in a May 29, 2006 letter that supplemented the original motion. In a July 20, 2006 response to the government's opposition papers, Petitioner wrote: "First, I would like to clarify an issue that I don't believe the government is aware of. Under no circumstances whatsoever am I attempting to have the CCE conviction vacated, nor am I challenging that conviction. My only challenge is of the Special Parole term that was imposed. I am not challenging the validity of the conviction your Honor, but the legality of the Special Parole term imposed. The Special Parole term has been attached to a non-parolable senence and I believe I am correct that the courts have made it clear that a special parole term cannot be attached to a non-parolable sentence which a one-year term under Federal law is, that it must follow a regular term of parole, which I never was afforded under statute."

three predicate drug felonies: (i) distribution of diazepam on March 16, 1982; (ii) using a telephone to distribute diazepam on April 14, 1982; and (iii) using a telephone to facilitate a drug distribution on April 20, 1982.

This aspect of Petitioner's motion must be treated as a §2255 petition. For the reasons previously stated it is time barred under the AEDPA and the court lacks jurisdiction over the claim because it is a second or successive petition that has not been certified by the Court of Appeals[2].

### III. Conclusion

For the reasons stated above Petitioner's motion will be denied. To the extent that the court has determined that it is in effect a §2255 petition, a certificate of appealability shall not issue. The court will file an appropriate order.

Dated: June 26, 2007

/s/ **Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE
U.S.S.D.J.

---

[2] The government contends that this claim as well as Petitioner's double jeopardy claim are procedurally defaulted because they were not raised on direct appeal or in the first §2255 petition. In light of the other reasons to dismiss Petitioner's motion it is unnecessary to address this additional ground.